NESS *v.* CITY OF ESCANABA.

1. HIGHWAYS AND STREETS — PERSONAL INJURIES — DEFECTIVE SIDEWALKS—NOTICE OF DEFECT.

   In an action against a city for injuries from a defective sidewalk, evidence tending to show that the walk was badly out of repair for several months before the injury makes the question of constructive notice one for the jury.

2. EVIDENCE—PHOTOGRAPHS—ADMISSIBILITY.

   The exclusion of a photograph offered in evidence is harmless, whether it is admissible or not, where an examination of it enables the court to say that it throws no light upon the disputed questions in the case.

Error to Delta; Stone, J. Submitted November 10, 1905. (Docket No. 117.) Decided December 22, 1905.

Case by Christina Ness against the city of Escanaba for personal injuries. There was judgment for plaintiff, and defendant brings error. Affirmed.

*James H. Clancy*, for appellant.

*C. D. McEwen* (*Cummiskey & Yelland*, of counsel), for appellee.

HOOKER, J. The defendant has appealed from a judgment of $1,000 recovered by the plaintiff for injuries sustained by stepping upon a loose board in a sidewalk. There are but two questions for us to consider, as the case has been presented:

1. Should the court have directed a verdict of not guilty, upon the ground that notice of the defect was not proved?

2. Was it error to sustain an objection to the introduction of a photograph which defendant offered?

No actual notice was shown, but there was evidence that tended to show that the walk was badly out of repair for

several months.   This made the question of constructive notice one for the jury.

The defendant claimed that the walk was repaired during the fall preceding the accident, and that it was in reasonable condition in the spring at the time of the accident, which occurred in April.   A photographer testified to taking a photograph of the walk on June 27th, after the accident.   Counsel professed to offer it upon the theory that the walk had been shown to be in the same condition at the time the photograph was taken that it was in when the accident happened.   The court said:

" The witnesses not agreeing upon it, it is not proper to let the photograph go to the jury to show the condition afterwards.   If it once reaches the jury, they will have it before them, and it would be error in case it is found not to be in that condition.   It would be impossible to tell what view the jury took of it in a general verdict, so it is excluded, and will not be shown to the jury."

A policeman testified that he saw the walk the day after the plaintiff was hurt, did not thoroughly examine it, but noticed no loose plank, and thought it all right as far as he could see; saw it again afterwards, and it was in the same condition.   He saw it, also, on morning of the trial, and there were no changes so far as he could see.   There was testimony given by plaintiff's witnesses that the walk was repaired somewhat after the accident.   A man had some of the boards out and nailed them down.   A policeman testified that he nailed them down.   The defect complained of was loose boards in the walk.   To prove notice it was sought to show that many boards were loose and that two of the stringers were decayed.   It was upon these points that the offer of the photograph was made. The plaintiff's objection is predicated upon the fact that the photograph was taken two months after the injury, and testimony tending to show that repairs were made during the interval.

There are many cases that hold that the question whether a photograph is admissible depends upon a show-

ing to the satisfaction of the trial court that it is an accurate picture of premises taken under unchanged conditions and that the discretion of the trial court upon these questions is not reviewable. Some cases indicate that this point was either overlooked, or that the determination of such question was considered reviewable, while it is perhaps inferable from still other cases that the testimony is always admissible as matter of right, upon prima facie proof of accuracy. As it is unnecessary to determine these questions, we do not discuss them, and avoid the expression of opinion upon them. The photograph was offered by the defendant to show the condition of the sidewalk at the time of the accident; i. e., to show that it was not in such a condition as to constitute notice that it was so out of repair as to demand attention, which would have corrected the infirmity that caused the plaintiff's injury. The testimony offered by the plaintiff had tended to show that the boards upon the sidewalk were nailed to three rotten stringers, of the four which supported the plank; that they would not hold nails, whereby many of the boards became loosened from the stringers; that one or more boards were partially decayed. The defendant's oral testimony contradicted this, and the photograph was offered as corroborative. An examination enables us to say that the photograph does not show that the boards or stringers were or were not rotten, or that the boards were not loose. Moreover, the undisputed proof shows that after the accident some boards were nailed down. As the photograph would throw no light upon the disputed questions, its exclusion was not harmful to the defendant, whether it was admissible or not.

The judgment is affirmed.

MOORE, C. J., and MCALVAY, MONTGOMERY, and OSTRANDER, JJ., concurred.